**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

ESTATE OF LE'QUON J. MCCOY, et al.,

Plaintiffs,

v.

Case No. 2:22-cv-320

CITY OF MILWAUKEE,
JOSE FLORES, NIKOLAS ZENS,
DAVID MICHAELS and
DOUGLAS PAVLIK,

Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

---

NOW COME the defendants, City of Milwaukee, Jose Flores, Nikolas Zens, David Michaels and Douglas Pavlik, by their attorneys, Tearman Spencer, City Attorney, represented by Stacy J. Miller, Assistant City Attorney, and as and for an answer to the plaintiffs' complaint, admit, deny, allege and state as follows:

### I. NATURE OF ACTION

101. This is a civil rights action arising out of the violation of Le'Quon J. McCoy's right to substantive due process, secured to him by the Fourteenth Amendment to the Constitution of the United States, based on the reckless initiation, continuation, and conduct of a vehicular pursuit through the streets of Milwaukee that resulted in a crash that proved fatal to Mr. McCoy, who was completely uninvolved and simply trying to drive to work, with a pendent state law claim of negligence.

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond.

## II. JURISDICTION AND VENUE

201. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond.

202. The Court has jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1367.

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond.

203. The Eastern District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond, as to the remaining allegations, admit.

## III. PARTIES

301. The Plaintiff, Estate of Le'Quon J. McCoy, is a legal entity with the capacity to sue and be sued in this Court. Le'Quon J. McCoy's mother, Antoinette L. Broomfield, is the Special Administrator of the Estate of Le'Quon J. McCoy.

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond, if any such response is deemed necessary, admit.

302. Antoinette L. Broomf ield and Louis T. McCoy were the natural parents and next of kin of the decedent, Le'Quon J. McCoy. Louis T. McCoy passed away and his state-law wrongful death claim will pass to his daughter and sole heir, Latredriana N. McCoy, who has assigned the right to prosecute it to Antoinette L. Broomfield, so Antoinette L. Broomfield is a plaintiff for the purposes of the stat-law wrongful death claim in her own right and as the assignee of the claim of Latredriana N. McCoy.

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond, if any such response is deemed necessary, admit.

303. Defendants Jose Flores, Nikolas Zens, David Michaels, and Douglas Pavlik are, on information and belief, adult residents of Wisconsin. At all times relevant to this lawsuit, they were employed as police officers for the City of Milwaukee, acting under color of law within the meaning of 42 U.S.C. §1983, and within the scope of their employment as that term is used in Wis. Stats. §895.46.

**RESPONSE:** Admit that Defendants Jose Flores, David Michaels and Douglas Pavlik are adult residents of Wisconsin. Deny that Nikolas Zens is a Wisconsin resident. Admit that the defendants at all times relevant to this lawsuit were employed as police officers for the City of Milwaukee, acting under color of law within the meaning of 42 U.S.C. §1983, and within the scope of their employment as that term is used in Wis. Stats. §895.46. Deny that the defendants were engaged in any unlawful and/or unconstitutional conduct.

304. Defendant City of Milwaukee, Wisconsin, is a Wisconsin city with the capacity to sue and be sued in this Court. Defendant City of Milwaukee is liable for the unlawful acts of the individual Defendants because they were acting within the scope of their employment pursuant to Sec. 895.46, Wis. Stats.

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond. Admit that the defendants were acting within the scope of their employment pursuant to Sec. 895.46, Wis. Stats. Deny that the defendant City of Milwaukee is liable. Deny that the individual defendants committed any unlawful acts.

305. The Plaintiff alleges that the wrongful acts alleged herein were carried out pursuant to one or more customs or policies of the City of Milwaukee.

**RESPONSE:** Deny that the defendants committed any wrongful acts carried out pursuant to one or more customs or policies of the City of Milwaukee.

## II. ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. Le'Quon J. McCoy, age 19, was killed in a motor vehicle crash at 1:06 a.m. on August 1, 2019, at the intersection of North 12th Street and West Locust Street in Milwaukee, Wisconsin.

**RESPONSE:** Upon information and belief, admit.

402. He was driving a black 2018 Jeep Renegade eastbound on West Locust Street when a stolen brown 2014 Buick Encore traveling southbound at a high rate of speed on North 12th Street ran the red flashing traffic signal that controlled traffic moving in its direction of travel and crashed into Le'Quon J. McCoy's vehicle.

**RESPONSE:** Upon information and belief, admit.

403. The force of the initial impact caused the McCoy Jeep to first strike a tree on the east side of 12th Street south of the intersection and then to hit a parked vehicle on the west side of 12th Street, parked south of the tree.

**RESPONSE:** Upon information and belief, admit.

404. Although attended by first responders, Le'Quon J. McCoy died at the accident scene.

**RESPONSE:** Upon information and belief, admit.

405. At the time of this crash the Buick Encore was being driven by Aaron A. Fitzgerald and was being actively pursued by the Milwaukee Police Department, as described in greater detail below.

**RESPONSE:** Upon information and belief, admit.

406. Following the crash, Mr. Fitzgerald was transported to a medical facility and taken into custody.

**RESPONSE:** Upon information and belief, admit.

407. He received two citations, one for Vehicle Operator Flee/ Elude Officer causing death and the second for Knowingly Operate Vehicle without valid license causing death.

**RESPONSE:** Upon information and belief, admit.

408. Mr. Fitzgerald was prosecuted in Milwaukee County Circuit Court case 2019 CV 3454. The complaint alleged an additional count of Second Degree Reckless Homicide, Mr. Fitzgerald pled guilty to Reckless Homicide. The other counts were dismissed but read in for sentencing. Mr. Fitzgerald was sentenced to ten years imprisonment with eight years of extended supervision thereafter.

**RESPONSE:** Upon information and belief, admit.

409. The crash that killed Le'Quon J. McCoy was caused in substantial part by the negligent and irresponsible acts and omissions of officers of the Milwaukee Police Department, as described in greater detail below.

**RESPONSE:** Deny these allegations.

410. On August 1, 2019, the day of Le'Quon J. McCoy's death, at approximately 1:02 a.m., Officers Jose Flores and Nikolas Zens, in squad 7369, were on patrol in the area of North Sherman Boulevard and West Hampton Avenue.

**RESPONSE:** Upon information and belief, admit.

411. The officers were in a marked Milwaukee Police Department squad car equipped with red and blue emergency lights and an audible siren. Both officers were wearing full Milwaukee Police Department uniforms. Officer Flores was driving.

**RESPONSE:** Upon information and belief, admit.

412. While Officers Flores and Zens were traveling east on West Hampton Avenue, they observed a brown Buick Encore, that it was later determined was being driven by Aaron A. Fitzgerald, traveling south on North Sherman Boulevard.

**RESPONSE:** Upon information and belief, admit.

413. The officers observed the Buick fail to stop for the red light at the intersection of North Sherman Boulevard and West Hampton Avenue.

**RESPONSE:** Upon information and belief, admit.

414. Officers Flores and Zens were able to get close enough to the Buick to read its displayed Wisconsin registration plate, which read 537-WRT, and they conducted a wanted check. The wanted check revealed that the Buick had been reported stolen about three weeks earlier, on July 6, 2019.

**RESPONSE:** Upon information and belief, admit.

415. At this point the Buick was in the 3700 block of West Congress Street traveling east.

**RESPONSE:** Upon information and belief, admit.

416. Officers Flores and Zens activated the emergency lights and siren of their squad car in an attempt to conduct a traffic stop of the stolen Buick.

**RESPONSE:** Upon information and belief, admit.

417. Instead of stopping for Officers Flores and Zens, the operator of the Buick increased its speed in an apparent attempt to elude the officers.

**RESPONSE:** Upon information and belief, admit.

418. The Buick turned right to proceed south on North 35th Street, increasing its speed to approximately 70 miles per hour. When the Buick got to the intersection of West Capitol Drive and North 35th Street, it turned left without stopping for the red light and proceeded east on West Capitol Drive. The Buick continued east on West Capitol Drive reaching speeds in excess of 80 miles per hour, and nearly striking several eastbound vehicles.

**RESPONSE:** Upon information and belief, admit.

419. Officers Flores and Zens followed behind the stolen Buick, with their flashing lights and siren activated, in pursuit.

**RESPONSE:** Upon information and belief, admit.

420. When the Buick reached North 20th Street, it made a right turn to proceed south on North 20th Street. The Buick failed to stop for the red light at the intersection of North 20th Street and North Teutonia Avenue, bearing left to travel south by southeast on North Teutonia Avenue and reaching speeds of approximately 70 miles per hour.

**RESPONSE:** Upon information and belief, admit.

421. The Buick then cut through a parking lot and turned north on North 18th Street and continued north to West Keefe Avenue. It turned right onto West Keefe Avenue and then left onto North 16th Street.

**RESPONSE:** Upon information and belief, admit.

422. Officers Flores and Zens continued to follow behind the stolen Buick, with their flashing lights and siren activated, in pursuit.

**RESPONSE:** Upon information and belief, admit.

423. At this point, two additional Milwaukee police officers, Patrol Officer David Michaels and Patrol Officer Douglas Pavlik, who were on duty in Vehicle #549, which is a marked Milwaukee Police Department Ford Explorer equipped with red and blue oscillating police lights, joined the pursuit of the Buick being driven by Fitzgerald.

**RESPONSE:** Upon information and belief, admit.

424. Police officers involved in a high speed pursuit like the one the individual Defendants were conducting are aware that the high-speed pursuit of a target vehicle which is consistently violating traffic signals and speed restrictions, through busy city streets, poses a significant danger to innocent motorists and pedestrians along the route of the pursuit, and the individual Defendants pursuing Mr. Fitzgerald were aware of this danger.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

425. Police officers involved in a high speed chase like the one the individual Defendants were conducting have various ways available to them to terminate the pursuit and the ongoing danger to innocent motorists and pedestrians.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

426. One way police can terminate a high speed pursuit is through the use of force. Almost any degree of force is lawful when police are seeking to terminate a high- speed pursuit of a vehicle that is creating an ongoing danger to innocent motorists and pedestrians. Scott v. Harris, 550 U.S. 372 (2007).

**RESPONSE:** Upon information and belief, admit.

427. Another way police can terminate a high speed pursuit is through simply discontinuing the pursuit and permitting the pursued vehicle to escape. There are good reasons not to permit the escape of dangerous criminals, but sometimes it is preferable to simply prolonging the danger to innocent motorists and pedestrians that occurs if a pursuit is not terminated in some fashion.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

428. Of course, there is a third option for police involved in a high-speed pursuit, and that is to simply continue following the pursued vehicle until it crashes, without either terminating

the pursuit by discontinuing it or terminating the pursuit by applying physical force to the pursued vehicle.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

429. This third option is the most dangerous to innocent motorists and pedestrians as it can result in extended high-speed pursuits that expand the danger to innocent motorists and pedestrians over significant expanses of time and space.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

430. This third option creates so much danger to innocent motorists and pedestrians and achieves so little toward any legitimate goal of law enforcement that choosing it reflects intentional disregard for the safety of innocent motorists and pedestrians on the part of the pursuing officers.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

431. Unfortunately for Le'Quon McCoy, nothing in the City of Milwaukee Police Department's policies or training of its officers precludes officers in the position of the individual Defendants from choosing this third option and simply following a pursued vehicle at high speeds until it crashes.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

432. After traveling north approximately one block on North 16th Street, the Buick stopped and two passengers exited the vehicle on the passenger side.

**RESPONSE:** Upon information and belief, admit.

433. The pursuing officers at that point were in two marked Milwaukee Police Department vehicles, but did not make any attempt to physically block the Buick or to otherwise disable it from driving away when it stopped to discharge passengers.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

434. Instead, the squad car occupied by Flores and Zens stopped behind the Buick.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

435. The Buick then sped away, weaving down numerous residential streets in the area at high rates of speed.

**RESPONSE:** Upon information and belief, admit.

436. The Pavlik/ Michaels squad car at this point became the lead vehicle in the pursuit and the Flores/ Zens squad car became the secondary vehicle in the pursuit.

**RESPONSE:** Upon information and belief, admit.

437. Throughout the pursuit, in an effort to elude the pursuing officers, Fitzgerald proceeded recklessly, at illegal and unsafe speeds, ignoring stop signs and traffic lights, and otherwise disregarding the rules of the road.

**RESPONSE:** Upon information and belief, admit.

438. The four pursuing officers had no plan for terminating this dangerous pursuit through residential and commercial streets in metropolitan Milwaukee either by effecting the immediate apprehension of the Buick through the application of physical force or by just ending the pursuit, ·and did not consult with their superiors regarding the termination of the pursuit despite the fact that the Buick's high speeds and disregard for the rules of the road created an open and flagrant danger of death or great bodily injury to a great many persons in the area including innocent drivers and pedestrians on nearby streets.

**RESPONSE:** Deny these allegations.

439. All four pursuing officers violated the duty conferred upon them by Wis. Stat. § 346.03(5) "to drive or ride with due regard under the circumstances for the safety of all persons."

**RESPONSE:** Deny these allegations.

440. Since the pursuit was occurring in darkness, in the early hours of the morning near tavern-closing time, continuing it indefinitely without any plan to effect the immediate apprehension of the fleeing driver created a situation in which "the prevailing traffic, roadway, or environmental conditions so enhance[d] the risk involved in continuing the pursuit that termination [was] warranted," and continuing the pursuit therefore violated para. G.3.c. of the Milwaukee Police Department Standard Operating Procedure on Vehicle Pursuits and Emergency Vehicle Operations.

**RESPONSE:** Deny these allegations.

441. Continuing the pursuit without making any effort to stop the pursued vehicle through the application of physical force was perfectly congruent with all of the customs, policies, procedures, and officer training of the Milwaukee Police Department.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

442. The Buick ultimately made a right turn from West Burleigh Street onto North 12th Street, after which it was traveling south.

**RESPONSE:** Upon information and belief, admit.

443. The individual Defendants continued simply following the Buick without making any effort to stop it through the application of physical force.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

444. As the Buick approached West Locust Street, it failed to stop for the red light at the intersection of North 12th Street and West Locust Street and struck Le'Quon J. McCoy's eastbound 2018 Jeep Renegade, which was proceeding through that intersection with the right of way.

**RESPONSE:** Upon information and belief, admit.

445. The driver and sole occupant of the Jeep, Le'Quon J. McCoy, was pronounced deceased at the scene. The driver and sole occupant of the Buick was extricated from the vehicle and transported to Froedtert Hospital for treatment of serious injuries.

**RESPONSE:** Upon information and belief, admit.

446. There is no evidence that Le'Quon J. McCoy was negligent or at fault in any way in connection with the collision that resulted in his death.

**RESPONSE:** Lack information and knowledge, and therefore, deny.

## V. BASIS OF LIABILITY

501. The individual Defendants conducted themselves "so recklessly that a trier of fact would be entitled to find subjective knowledge of an unjustifiable risk to human life and conscious disregard of that risk." *Flores v. City of S. Bend*, 997 F.3d 725, 729-730 (7th Cir. 2021). In so doing they violated rights secured to Le'Quon McCoy by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond.

502. The individual Defendants committed the common-law tort of negligent injury when they drove in such a way that they had zero probability of ending their high-speed pursuit of Aaron Fitzgerald in any way other than causing a vehicular crash. Legue v. City of Racine, 2014 WI 92, 143, 357 Wis. 2d 250, 301, 849 N.W.2d 837, 861-62.

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond.

503. The City of Milwaukee is liable for the unlawful actions of Jose Flores, Nikolas Zens, David Michaels, and Douglas Pavlik to the extent that each of them was acting within the scope of his employment pursuant to Wis. Stats. § 895.46.

**RESPONSE:** Admit that on the date and time of the alleged incident Jose Flores, Nikolas Zens, David Michaels, and Douglas Pavlik were working as officers of the City of Milwaukee Police Department and acting under color of law, within the scope of their employment; Deny, that the defendants engaged in any unlawful and/or unconstitutional conduct.

504. The City of Milwaukee is liable for the unlawful actions of Jose Flores, Nikolas Zens, David Michaels, and Douglas Pavlik because those actions were caused in substantial part by the customs and policies of the City of Milwaukee within the meaning of Monell v. Department of Social Services of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond; Deny, that the defendants engaged in any unlawful and/or unconstitutional conduct that the City of Milwaukee is liable for.

## VI. DAMAGES

601. The actions of Jose Flores, Nikolas Zens, David Michaels, and Douglas Pavlik caused Le'Quon McCoy's death, and caused him to suffer physically and emotionally before he died for which his estate seeks an award of compensatory damages in an amount deemed just by the Court.

**RESPONSE:** Deny these allegations.

602. The actions of Jose Flores, Nikolas Zens, David Michaels, and Douglas Pavlik caused the individual Plaintiff s, Mr. McCoy's parents, to incur funeral expenses and to suffer the loss of their son's society and companionship for which they seek awards of compensatory damages in amounts deemed just by the Court.

**RESPONSE:** Deny these allegations.

603. Because the unlawful acts of the individual Defendants herein alleged were carried out with reckless disregard for Mr. McCoy's fundamental rights, the Plaintiffs seek awards of punitive damages against the individual Defendants to deter them and others similarly situated from similar wrongful acts in the future.

**RESPONSE:** Deny these allegations.

## VII. CONDITIONS PRECEDENT

701. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

**RESPONSE:** Assert that the allegations contained in this paragraph are legal conclusions to which the answering defendants need not respond.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to Plaintiffs' Complaint defendants, City of Milwaukee, Jose Flores, Nikolas Zens, David Michaels and Douglas Pavlik, allege and state to the Court as follows:

1. Defendants cannot be sued in their official capacity;

2. Plaintiffs' complaint fails to state a claim upon which relief can be granted;

3. As to any portion of plaintiffs' complaint asserting claims under federal law against the defendants in their individual capacity, these defendants are entitled to qualified immunity;

4. To the extent the plaintiffs' have failed to mitigate their damages, part or all of their claims are barred by their failing to mitigate their injuries;

5. To the extent that the plaintiffs have stated any claims against defendants under state law, defendants are entitled to legislative, quasi-legislative, judicial and quasi-judicial

immunity under Wis. Stat. § 893.80, or discretionary-act immunity, and the amount in damages that the plaintiffs can obtain from defendant, if there is any, is limited pursuant to that same statute;

6. Plaintiffs failed to file the appropriate notice/claim document(s), and consistent with Wisc. Stat. §893.80, any state law claims are therefore barred;

7. The defendants reserve all other affirmative defenses which may be waived if not pled and the right to amend this Answer to assert additional defenses as discovery proceeds.

**WHEREFORE**, defendants, City of Milwaukee, Jose Flores, Nikolas Zens, David Michaels and Douglas Pavlik, demand judgment as follows:

1. Dismissing the complaint of the plaintiffs as against them on its merits, together with costs and disbursements; and

2. For such other and further relief as the Court may deem just and equitable.

**JURY DEMAND**

Defendants, City of Milwaukee, Jose Flores, Nikolas Zens, David Michaels and Douglas Pavlik, demand a trial by jury of all issues so triable.

Dated at Milwaukee, Wisconsin this 6th day of June, 2022.

TEARMAN SPENCER
City Attorney

***Electronically signed by:***

**s/Stacy J. Miller**
STACY J. MILLER
Assistant City Attorney
State Bar No. 1126905
Attorneys for Defendants

ADDRESS:
841 N. Broadway
7th Floor
Milwaukee, WI 53202
Telephone: (414) 286-2628
Fax: (414) 286-8550
smiller@milwaukee.gov