THE **JEFF SCOTT OLSON** LAW FIRM, S. C.

1025 Quinn Drive, Suite 500
Waunakee, WI 53597-2502

**Jeff Scott Olson**

**Andrea J. Farrell**

Phone: 608 283 6001
Fax: 608 283 0945

E-Mail: jsolson@scofflaw.com
Website: www.scofflaw.com

October 19, 2026

*via e-filing*

The Honorable J. P. Stadtmueller
United States District Court, Eastern District of Wisconsin
United States Courthouse Room 471
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

Re: *Estate of Le'Quon J. McCoy, et al. v. The City of Milwaukee, et al.*
E.D. Case No. 2:22-cv-320

Dear Judge Stadtmueller:

Pending before the court for decision is the Defendants' motion for summary judgment (dkt. # 58) and the Plaintiffs' Motion to Permit Plaintiffs' Police Practices Expert, Scott DeFoe, to Testify to the Facts and Opinions in his Amended Report Prepared After Discovery (dkt. # 69). The Court previously stated that it would defer ruling on these motions until the Seventh Circuit acted in Appeal No. 22-3043, *Estate of Ceaser Stinson et al. v. Joel Streicher*. (Dkt. # 760, Text Order, September 30, 2024.)

That decision was issued on October 14, and is attached.

We write to call the Court's attention to the new decision by another judge of this court, *Hill v. City of Milwaukee*, No. 26-CV-316, 2026 WL 3033657 (E.D. Wis. Oct. 9, 2026), also attached. In that case, which, like this one, arises out of a high-speed vehicular pursuit by officers of the Milwaukee Police Department that resulted in the death of an innocent person not involved at all with the flight or pursuit, Judge Adelman granted the defendants' motion to dismiss the claims against the individual officer involved in

the pursuit on the ground that the plaintiff had not alleged facts sufficient to permit in inference that he pursued the plaintiff's decedent with the intent to harm him.

In fact, in *Hill*, the plaintiff conceded that the intent-to-harm standard governed and "effectively abandon[ed] her claim" against the pursuing driver. *Id.*, 2026 WL 3033657, at *5. The case thus presented in a different posture from *Estate of Stinson*, where this Court held that the facts of that case would permit a jury to infer intent to harm: "a jury could conclude that Streicher looked away from the road for such a significant period while the traffic light was yellow or red that he would have known his conduct was likely to result in harm, and yet consciously decided not to abate his risky behavior." *Estate of Stinson v. Milwaukee County*, No. 21-CV-1046-JPS-JPS, 2022 WL 10585785, at *6 (E.D. Wis. Oct. 18, 2022).

The Seventh Circuit disagreed with this Court on whether the facts permitted an inference of intent to harm, but the Plaintiffs here still contend that such an inference would be available to a reasonable jury on the facts in this record, so this case is different from *Hill* and from *Flynn v. Consolidated City of Indianapolis & Marion County*, 565 (7th Cir. 2025), where the plaintiff also "concede[d] there was no intent to harm." *Id.*, 148 F.4th at 568.

More importantly, perhaps, Judge Adelman denied the City's motion to dismiss the *Monell* claims against it based on its pursuit policy. He held that those claims could proceed even where all individual-capacity claims against individual officers had been dismissed, and that the plaintiff's allegations met the standard for establishing *Monell* liability based on explicit policy as well as on inadequate training and supervision. In this case, except for the fact that the plaintiff has focused on a different aspect of the City's pursuit policy, Judge Adelman's reasoning is fully applicable to the disputed legal issues before this Court.

Sincerely yours,
THE JEFF SCOTT OLSON LAW FIRM, S. C.

Jeff Scott Olson

cc: Assistant City Attorney Clint B. Muche (via e-filing)
Assistant City Attorney Matteo Reginato (via e-filing)

JSO:tim